UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22374-CMA-LMR

BEAZLEY USA SERVICES, INC.,

        Plaintiff,

v.

STEPHAN VIEIRA,

        Defendant.
_____/

## AMENDED PROTECTIVE ORDER

1. This Amended Protective Order ("Protective Order") governs the use and disclosure of documents and other things produced by parties during discovery in the above-captioned case, including, but not limited to, a response to any Interrogatory, Request for Admission, or Request for Production, or to any party by a non-party in response to any subpoena duces tecum. For purposes of this Protective Order, the word "documents" shall include, but is not limited to: (1) written, electronic, recorded, or graphic matter; (2) interrogatory answers served in this action; (3) requests to admit and responses thereto filed in this action; (4) transcripts of and exhibits to depositions; (5) and any portions of any court papers filed in this action that reveal any confidential information as described in paragraph 3 of this Protective Order.

2. If a party wishes to designate a document or thing to be produced subject to this Protective Order, that party must stamp "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" on that document or thing. Documents and tangible things (including CDs or other electronic storage media containing documents) so designated shall be referred to as the "Confidential Documents" throughout the remainder of this Protective Order.

3. Parties shall designate as "**CONFIDENTIAL**" only those documents and things, or portions thereof (such as portions of deposition testimony), that contain: (1) privileged information; (2) confidential proprietary information; (3) trade secrets; (4) information that a party is bound by a pre-existing contract to keep confidential; (5) confidential commercial information; or (6) confidential research/development information. It is the responsibility of each party who asserts confidentiality with respect to any document or thing produced by such party ("Designating Party"), to designate the document or thing as a Confidential Document at the time of production or, if produced by a third party in response to a subpoena in this case, within five (5) days of receipt pursuant to paragraph 4 of this Order. In no event shall any material designated as "**CONFIDENTIAL**" be disclosed to anyone other than in accordance with this Protective Order. Any Party may further designate a document or thing as Confidential should it contain any of the above categories in their own interest or the interest of a third party.

4. Parties shall designate as "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" only those documents and things, or portions thereof (such as portions of deposition testimony), that a party in good faith reasonably believes that disclosure of the Highly Confidential Information to persons, other than those listed in paragraphs 7(b)-7(i) below, is substantially likely to cause injury to the Designating Party. It is the responsibility of the Designating Party, to designate the document or thing as a Highly Confidential Document at the time of production or, if produced by a third party in response to a subpoena in this case, within five (5) days of receipt pursuant to paragraph 6 of this Order. In no event shall any material designated as "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" be disclosed to anyone other than those listed in paragraphs 7(b) and 7(i) below.

5. A subpoenaed third-party, or any person whose rights are affected by the production

of the documents, may invoke the protection of this Protective Order by marking copies of requested documents or deposition transcripts with the "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" stamp pursuant to Paragraph 3 or 4 above. With respect to any documents received pursuant to third-party subpoenas that are not stamped "**CONFIDENTIAL**," the party which subpoenaed and received the documents shall, upon request, promptly copy such documents as are requested, at the requesting party's expense, and send the copies to the requesting party. The Parties and interested non-parties shall have ten (10) days after receipt of the documents by the requesting party to designate documents as confidential. The Designating Party shall notify the requesting party in writing of the Bates numbers of the confidential documents so that the requesting party can mark its copies of those documents with the "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" stamp. Unmarked copies of the confidential documents shall be destroyed. All third-party documents shall be treated as confidential prior to the expiration of the 10-day period, unless the Parties give notice before the end of that period that they do not intend to designate the third-party documents as confidential.

6. If a party ("Objecting Party") objects to the designation of any document or thing as a Confidential Document, the Objecting Party must communicate its objection in writing to the Designating Party within a reasonable time after designation. The Parties and/or attorneys shall attempt to resolve the dispute between them. If they are unsuccessful, the Designating Party must, within 10 days of receiving the written objection, file a motion with the Court to establish whether the designated information is entitled to confidential treatment. The Designating Party shall include within its motion a request that the motion be ruled upon as soon as possible. The protections of this Order shall continue to apply until such time as the Court has ruled to the

contrary.

7. Documents designated as "**CONFIDENTIAL**" and not objected to shall be disclosed by the other parties and their attorneys only to those listed in subparagraphs 7(a)-7(i) below. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a receiving party may disclose "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" materials only to those listed in subparagraphs 7(b) and 7(i) below.

(a) The Parties and their employees;

(b) The Parties respective outside counsel, including but not limited to paralegals, legal translators, legal secretaries, law clerks, litigation support employees, and employees and agents if such counsel are required to assist in the conduct of the litigation, all of whom shall be bound by this Protective Order;

(c) Experts retained by counsel to assist in this litigation; provided, however, that any such expert has signed an undertaking in the form of the attached Exhibit A, the original of which will be maintained by counsel for the party retaining such expert;

(d) Other individuals or entities retained by counsel identified in paragraph 7(b) above specifically engaged to assist in this litigation, including litigation consultants, electronic discovery consultants, jury consultants, and mock jurors selected by counsel in preparation for trial; provided, however, that the person or entity has signed an undertaking in the form attached as Exhibit A, the original of which will be maintained by counsel retaining such individuals or entities and need not be disclosed except upon Court order;

(e) Witnesses at a deposition, subject to the provisions related to use of confidential information at a deposition provided in paragraph 9 below;

4

(f) Witnesses at trial; provided, however, that any such witness has signed an undertaking in the form attached as Exhibit A or states on the record that the witness agrees to be bound by the contents of this Protective Order;

(g) The Court, its officers and staff, and court stenographers while engaged in the performance of their official duties;

(h) Mediators in this action, other than the Court, who have first signed a certificate identical to Exhibit A or who have otherwise agreed to be bound by this Order; and

(i) Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Designating Party.

8. No party or attorney or other person who receives Confidential Information may distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" or the contents thereof, except in accordance with this Protective Order. All produced confidential information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing herein, however, is intended to prohibit or proscribe the ability of counsel to provide to their client informed and meaningful advice, or to prevent counsel from aggregating such information or summarizing such information for the client so long as it will not reveal or disclose confidential information.

9. Any deposition testimony may be designated as confidential by counsel for the Designating Party by any of the following means:

(a) Stating orally on the record of a deposition that certain information or testimony is Confidential — Subject to Protective Order; or

    (b)    Sending written notice within fourteen (14) days of receipt of the deposition transcript designating all or a portion of the transcript as confidential. The deposition testimony shall be treated as confidential prior to the expiration of this period.

Any party seeking to use confidential information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Protective Order. If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent. The terms of this Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Protective Order from attending that portion of the deposition at which confidential information is discussed.

10.    Documents subject to this Protective Order may be filed with the Court. The parties will comply with rules relative to filing documents subject to this Protective Order as confidential under seal or publicly.

11.    Notwithstanding anything to the contrary set forth herein, each party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential material, and the right to apply to the Court at any time for an order modifying or lifting the protective order for good cause shown.

12.    Prior to the disclosure of any documents found to be confidential in whole or in part by the Court herein to a consultant or expert under Paragraph 7(c) of this Protective Order,

any party's attorneys shall present the consultant or expert with a copy of this Protective Order. After reading the Protective Order, the consultant or expert shall initial each page of the Protective Order and sign the attached form of "Acknowledgement of Stipulated Protective Order." Parties' attorneys shall maintain all such signed acknowledgements and initialed orders.

13. To the extent that any documents found to be confidential in whole or in part by the Court herein are used in depositions or at hearings, such documents shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition/hearing testimony referring to the Confidential Documents or information contained therein.

14. Any court reporter or transcriber who reports or transcribes testimony in this action shall be advised of this Protective Order and shall agree to be bound by its terms and not disclose any of the Confidential Documents or information contained therein to anyone other than the Court, the parties, the witnesses, or the attorneys in this action.

15. This Protective Order shall not apply to the trial of this matter. All documents received into evidence are open to public inspection and copying free of any privilege. No party, however, is precluded from seeking enforcement of this or another protective order at and during trial. Further, nothing herein shall prevent the parties from agreeing to this or other protective order to apply at trial.

16. The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document or information, whether confidential or not.

17. All provisions of this Order, to the extent still applicable, shall continue to be binding after the conclusion of the above-captioned case, unless otherwise agreed by the parties or as ordered by the Court. The Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

18. Upon final disposition of this action, all parties' attorneys shall destroy all remaining Confidential Documents, if any, produced to them during the action and shall provide the party producing the Confidential Documents with their affidavit(s) attesting to the fact that all such documents have been destroyed, provided, however, that counsel for the Parties shall be entitled to retain memoranda, work-product, or pleadings embodying information derived from such confidential material, to the extent reasonably necessary to preserve a file on this litigation, which information shall not be disclosed to any other person. All portions of deposition transcripts and exhibits that contain confidential material shall also be destroyed as set forth above.

19. If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of this Protective Order, that party must notify counsel for the Designating Party before responding to the subpoena.

20. The inadvertent production of any confidential, privileged or otherwise protected material shall not be deemed a waiver or impairment of any claim of confidentiality, privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.

Upon receipt of notice of such inadvertent production from the producing Party, the receiving Party shall, within seven (7) business days of such notice, either (a) return all copies of such document(s) to the producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving Party and

shall destroy all copies of such documents (or portions of such documents) that contain such notes or other attorney work product or (b) shall apply to the Court for resolution if the producing Party's claim of inadvertent production is disputed.

21. This Protective Order may be modified at any time by the written agreement of the parties or by order of the Court after notice to all parties.

22. All documents and things produced pursuant to the Stipulated Protective Order entered on October 29, 2024 (DE 30) shall be afforded the same protection under this Protective Order as if such documents and things were produced pursuant to this Protective Order.

23. Any attorney or person who violates any term of this Protective Order is subject to all appropriate disciplinary action, including contempt power, of the United States District Court for the Southern District of Florida.

**DONE AND ORDERED** in Miami, Florida, this 27th day of January, 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Chief U.S. District Judge Cecilia M. Altonaga**; and
**All Counsel of Record**

**Stephen Vieira**
711 Crandon Blvd., Apt. 202
Key Biscayne, FL 33149
*Pro Se*

Exhibit A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I have been informed that I have been or will be shown certain documents in connection with the litigation known as "*Beazley USA Services, Inc. v. Stephan Vieira;* United States District Court for the Southern District of Florida, Case No. 24-cv-22374-CMA-LMR." I have been provided with a copy of the Protective Order relating to those documents, and I have read it and I agree to be bound by the terms and conditions set forth therein.

I promise that I will not disclose or discuss such confidential documents or information with any person other than the parties, and attorneys for the parties or members of their staff.

I understand that any use of the information obtained by me from materials designated "**CONFIDENTIAL**," or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" or any portions or summaries thereof, in any manner contrary to the provisions of the Stipulated Protective Order may subject me to the jurisdiction of and sanctions by the United States District Court for the Southern District of Florida.

_____
Printed Name


_____
Signature


_____
Date